In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Sidney F. BECK, Jr., Attorney at Law.

Supreme Court

*No. 81–2054–D. Filed May 5, 1982.*
(Also reported in 318 N.W.2d 798.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked by consent.*

On October 26, 1981, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging five counts of unprofessional conduct against Sidney F. Beck, Jr., an attorney who practiced in Adams-Friendship from 1969 through May, 1979, and thereafter practiced in the Milwaukee area. The complaint alleged that the respondent induced former and present clients to lend him money on unsecured notes, in violation of SCR 20.27(1), and failed to repay those loans as they became due. It is alleged that the respondent's conduct constitutes a breach of trust, which brings discredit upon the legal profession. The complaint also alleged that the respondent failed to timely close numerous probate estates which he was representing as attorney and that the probate court had issued orders directing the respondent and the personal repre-

sentatives to show cause why final judgment had not been timely entered in those estates. It is alleged that such conduct constitutes gross neglect of legal matters entrusted to the respondent, in violation of SCR 20.32 (3), and failure to carry out contracts of employment, in violation of SCR 20.35(1)(b). The third count of the complaint alleged that when the respondent moved his offices from Adams-Friendship to Menomonee Falls, while he was holding money in his trust account for various clients, he closed that account and failed to maintain such an account from April, 1979, through August, 1980. It is alleged that this conduct violates SCR 11.05 and 20.50. Count four of the complaint alleged that the respondent, who had obtained moneys for and on behalf of several clients and held them in trust, failed to make payment to the appropriate clients upon their demand. This, it is alleged, violates SCR 20.50(2). The last count alleged that the respondent accepted legal work and retainers from several clients but failed to carry out the work requested and failed to return the retainers he had received. The Board alleged that such conduct constitutes gross neglect of legal matters, in violation of SCR 20.32(3), and a failure to maintain proper communications with clients, in violation of SCR 20.36(1).

The court referred the matter to the Hon. Robert W. Hansen as referee pursuant to SCR 21.09(4). On December 23, 1981, the respondent filed a petition for the voluntary revocation of his license to practice law in Wisconsin. In that petition, made pursuant to SCR 21.10, the respondent admitted the allegations of the complaint and, as to each count of unprofessional conduct, listed the names of the persons involved and the amounts owing to them. The respondent stated that he could not successfully defend against the allegations of the complaint, waived his right to do so and agreed to pay the costs of this proceeding.

On March 29, 1982, the referee filed with the court his report and recommendation, in which he recommended that the respondent's petition for revocation of his license by consent be granted and that his license to practice law in Wisconsin be revoked forthwith. The referee also recommended that any clients' funds which may come into the respondent's possession, other than fees due and owing, be immediately paid over to the clients and that all trust funds held by the respondent be repaid to the rightful owners thereof, including penalties and inheritance taxes, plus interest, due the Wisconsin Department of Revenue from the estate of Pribbenow, which is identified in the complaint and in the respondent's petition. We hereby adopt the recommendation of the referee.

It is ordered that the license of Sidney F. Beck, Jr., to practice law in Wisconsin is revoked effective the date of this order.

It is further ordered that any funds of the respondent's clients coming into the respondent's possession, other than fees due and owing, be immediately paid to the respective clients and that any and all trust funds held by the respondent be forthwith paid to the rightful owners thereof, including penalties, inheritance taxes and interest due the Wisconsin Department of Revenue from the estate of Pribbenow, as identified in the respondent's petition.

It is further ordered that Sidney F. Beck, Jr., pay the costs of this proceeding in the amount of $1,450.54 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order.